## BISBEE vs. EVANS.

Without the express concurrence or assent of a town, or parish, in its corporate capacity, no person can become its minister ; and no minister, not thus recognized, can hold lands, reserved for the first settled minister in the town.

This was an action of trespass *quare clausum fregit*, in which a case was stated by the parties, presenting the question whether the plaintiff had title to the *locus in quo*, which was a lot reserved for the use of the first settled minister in the town of *Harmony*. The plaintiff was a minister of the denomination of calvinist baptists, regularly ordained according to the usages of that sect of christians. In 1812 he removed, with his family, into the town *Harmony* ; where a church, consisting mostly of citizens of that town, but including some of the towns adjacent, had been previously organized ; which voted in the same year to receive him as their pastor. From that time, till the year 1822, he continued to perform all the duties of a pastor of that church ; and in the year 1821, as an " ordained minister of the gospel," he was duly commissioned by the Governor and Council, to solemnize marriages within the county of Somerset. There was no stipulation, on the part of the church, to pay him any salary ; nor did he ever receive any compensation for his services, except by occasional voluntary contributions, and by exemption from the payment of taxes in the town of *Harmony*. The usage of this denomination is to ordain their ministers to the work of evangelists or ministers of the gospel, at large, and not over any particular church or society ; and during the year 1821, nothing was required to connect such minister with any particular church as their pastor, except a vote of the church to receive him as such.

The town of *Harmony*, in its corporate capacity, never expressly recognized the plaintiff as a minister of the gospel ; but at a meeting in the year 1824, they chose a committee to agree with the plaintiff what part of the lot reserved for the first settled minister he should have, releasing his right to the resi-

due ; but the report of the committee was not accepted by the town. There never had been any separate parish organized in the town, distinct from the town itself.

*R. Williams*, for the plaintiff, contended upon these facts that he was the first settled minister within the town, and, as such, entitled to take and hold the lands reserved for that use. The object of the legislature, he said, was the diffusion of religious and moral instruction among the people, by inducing ministers, of any denomination, to mingle and reside among the first settlers of the new townships. And this object was attained by the actual residence of any minister of the gospel, having a parochial charge in the town.

*McLellan* and *Sprague*, on the other side, were stopped by the court, whose opinion was delivered by

WESTON J. The plaintiff claims the lot, which includes the *locus in quo*, as the person, for whose use it was reserved in the original grant ; he being, as he contends, the first settled minister in the town of *Harmony*. Unless he has shewn himself legally invested with this character, he is not entitled to judgment. The plaintiff, it appears, has been ordained, according to the usage of the sect to which he belongs. Being thus ordained, but not as it would seem over any particular church or society, he removed in 1812, into the town of *Harmony* ; and there, by a vote of a church, consisting principally of inhabitants of that town, but including individuals of other towns, was received as their pastor ; in which capacity he has since officiated. If this church is to be regarded as connected with the religious society constituted by the town in its parochial capacity, which does not appear, it has no authority to contract with or settle ministers; for this belongs wholly to the town or parish, of which such of the members of the church, as are inhabitants, are part. Without the express concurrence or assent of the town or parish in their corporate capacity, no one can become their minister, or be legally recognized as such. According to the ecclesiastical usages of the

country, the church is generally permitted to nominate a minis-
ter, who may be approved or rejected by the parish. If the par-
ish approve, a contract of settlement is then made between
them and the minister. *Burr v. The first parish in Sandwich* 9
*Mass.* 727.

The only act on the part of the town, relied upon, is the
appointment of a committee to agree with the plaintiff what part
of the lot, reserved for the first settled minister, he should have;
who reported a certain part, which was refused by the town.
This vote was predicated upon the assumption, that he was then
their minister, as that relation had not been legally created be-
tween them; or it was adopted as a measure preliminary to their
concurrence with the church, in the result of which they were
dissatisfied.

From the facts agreed, it does not appear to us that the plain-
tiff can be regarded as the first settled minister in the town of
*Harmony*,; he is therefore to become nonsuit, and the defendant
to be allowed his costs.